**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| HUSSAIN D. VAHIDALLAH,<br><br>               Plaintiff,<br>vs.<br><br>CHASE BANK, et al.,<br>               Defendant. | CASE NO. 13cv590-MMA (BLM)<br><br>**ORDER INSTRUCTING CLERK OF COURT NOT TO ENTER DEFAULT**<br><br>[Doc. No. 4] |
|---|---|

Plaintiff Hussain D. Vahidallah, proceeding *pro se*, has filed a complaint against Defendants Chase Bank, et al., alleging various causes of action related to a mortgage loan modification. Plaintiff paid the $350 filing fee required to institute this action, and a summons was issued. Plaintiff now requests the Clerk of Court enter default based on Chase Bank's failure to answer or otherwise respond to the complaint in a timely manner.

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 12 of the Federal Rules of Civil Procedure provides, "a defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." FED. R. CIV. P. 12(a)(1)(A). Because Plaintiff has paid the filing fee and is not proceeding *in forma pauperis*, it is his responsibility to effect service of the summons and

1 complaint on Chase Bank.  FED. R. CIV. P. 4; 28 U.S.C. § 1915(d).

2      Here, Plaintiff states under penalty of perjury that he filed the case on March 13, 2013, and as of April 22, 2013, 41 days later, Chase Bank has not answered the complaint.  *See* Doc. Nos. 4, 5.  Plaintiff also includes a receipt, showing that on March 14, 2013, he paid the United States Postal Service $2.72 to send a "First-Class Large Env" to Denver, Colorado, 80246.  *See* Doc. No. 5.  On this basis alone, Plaintiff requests that the Clerk enter default against Chase Bank.  However, this is insufficient to warrant entry of default against Chase Bank.  Federal Rule of Civil Procedure 4 allows service of process on a corporation by several specific methods as well as by "following state law for serving a summons."  *See* Fed. R. Civ. P. 4(e)(1),(h).  Plaintiff's receipt from the post office does not constitute proof of legally effective service of process.  The receipt merely demonstrates that Plaintiff paid to mail something in a large envelope via first class mail.  Even if the Court were to assume that the envelope contained a copy of the summons and complaint, simply mailing the summons and complaint does not accomplish service on a corporation under Rule 4 or California state law.  *See* Cal. Civ. Proc. Code §§ 416.10 *et seq*.

     In sum, only proper service of the summons and complaint triggers a defendant's obligation under the Federal Rules to serve and file a responsive pleading within the specified time period.  There is no evidence in the record to demonstrate that Plaintiff has served Chase Bank with the summons and complaint in a legally effective manner, as required by Federal Rule of Civil Procedure 4(c).

     Accordingly, the Court instructs the Clerk of Court not to enter default against Defendant Chase Bank.

**IT IS SO ORDERED**.

DATED: April 24, 2013

*[signature]*

Hon. Michael M. Anello
United States District Judge