**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUSSAIN D. VAHIDALLAH,<br><br>                                    Plaintiff,<br><br>    vs.<br><br><br>CHASE BANK, et al.,<br><br>                                    Defendant. | CASE NO. 13cv590-MMA (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION REQUESTING SERVICE BY U.S. MARSHAL;**<br><br>[Doc. No. 23]<br><br>***SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE** |

On March 13, 2013, Plaintiff Hussain D. Vahidallah, proceeding *pro se*, filed a complaint against Defendants Chase Bank ("Chase"), et al.[1] *See Complaint*, Doc. No. 1. Plaintiff paid the required filing fee in full on that same date. *See Receipt*, Doc. No. 1-1. On July 10, 2013, Plaintiff filed a document captioned "Respectfully Request Motion." *See Motion*, Doc. No. 23. Having reviewed Plaintiff's

---

[1] The Clerk of Court deemed the complaint a case initiating document and opened a new civil case. The Court notes that Plaintiff may have been attempting to file an amended complaint in *Vahidallah v. Chase Bank, et al.*, Civil Case No. 12cv505-IEG (BGS). The parties in this action are the same as those in the 2012 case, and in the first paragraph of his complaint, Plaintiff addresses his claims in this action to Judge Gonzalez and notes that he is filing a "second complaint." *See* Doc. No. 1. To the extent Plaintiff's allegations in either case are decipherable, they seem to be premised on the same underlying mortgage transaction between Plaintiff and Chase. Thus, Plaintiff's complaint in this action potentially should have been construed as an amended complaint in the 2012 action and submitted to Judge Gonzalez for review. In the alternative, the Clerk of Court should have prepared an Order of Transfer pursuant to the Court's "Low Number Rule" as provided by Civil Local Rule 40.1(e),(h), as the actions appear to "arise from the same or substantially identical transactions, happenings, or events," and "involve the same or substantially the same parties or property." *See* S.D. Cal. CivLR 40.1(e).

1  submission, the Court liberally construes the document as a request for service of the

2  summons and complaint by the United States Marshals Service, pursuant to Federal

3  Rule of Civil Procedure 4(c)(3).  For the reasons set forth below, the Court **DENIES**

4  the request and *sua sponte* **DISMISSES** Plaintiff's complaint without prejudice

5  pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).

6                                   **DISCUSSION**

7  *1.      Request for Marshal Service*

8          As detailed in this Court's previous orders, Plaintiff repeatedly has attempted

9  to effect proper legal service of the summons and complaint on Chase but has failed

10 to do so.  *See 4/24/2013 and 5/9/2013 Orders*, Doc. Nos. 6, 11.  Plaintiff now

11 requests that the Court order the United States Marshals Service ("USMS") to serve

12 the summons and complaint on Chase.

13         Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's

14 request, the court may order that service be made by a United States marshal or

15 deputy marshal . . .."  If a court has authorized a plaintiff to proceed *in forma*

16 *pauperis*, without paying the required filing fee to commence a civil action, the court

17 must order service by the USMS.  *See* Fed. R. Civ. P. 4(c)(3).  Here, however,

18 Plaintiff paid the full filing fee when he initiated this lawsuit and is not proceeding

19 *in forma pauperis*.  As one court has noted, "the history and purpose of this Rule

20 does not favor Plaintiff's request" in such a case.  *Peabody v. United States*, 2006

21 U.S. Dist. LEXIS 22889 (D. Ariz. Apr. 18, 2006).  And while the Court is bound to

22 afford Plaintiff "more latitude than litigants represented by counsel to correct defects

23 in service of process and pleadings," *Moore v. Agency for Int'l Dev.*, 994 F.2d 874,

24 876 (D.C. Cir. 1993), it is not obligated to impose the duty of service of process on

25 the USMS because a *pro se* litigant has failed to successfully serve his complaint

26 due to ignorance or misunderstanding of the rules regulating service.

27 ///

28 ///

1    Accordingly, the Court **DENIES** Plaintiff's request for service by the USMS.[2]

2    ***2.    Dismissal Pursuant to Rule 8(a)***

3    The Court has reviewed Plaintiff's complaint and finds that it is subject to

4    dismissal for noncompliance with federal court pleading requirements.  As an initial

5    matter, Plaintiff's complaint does not comply with Federal Rule of Civil Procedure

6    8(a)(2), which requires a complaint to include "a short and plain statement of the

7    claim showing that the pleader is entitled to relief."  The Court s*ua sponte* may

8    dismiss a complaint for failure to comply with Rule 8, which mandates that "each

9    allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Although

10   *pro se* pleadings may be held to a less stringent standard than those prepared by

11   attorneys, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* litigant must still

12   "abide by the rules of the court in which he litigates."  *Carter v. Comm'r of Internal*

13   *Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).  And a complaint that is so confusing

14   as to be almost indecipherable may be dismissed *sua sponte* for failure to satisfy

15   Rule 8.  *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir.

16   2008), quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

17   Rule 8 requires "simplicity, directness, and clarity."  *McHenry v. Renne*, 84

18   F.3d 1172, 1178 (9th Cir. 1996).  Plaintiff's complaint is none of these things.

19   Rather, Plaintiff's complaint is primarily comprised of "narrative ramblings" and

20   "storytelling."  *Id*. at 1176.  As the Ninth Circuit explained in *McHenry*,

21

22   [2] The Court notes that Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a
     defendant within 120 days after it files the complaint.  The 120 days for service runs from the date of
     the original complaint.  *See* Fed. R. Civ. P. 4(m).  At this point, Plaintiff's time in which to serve
23   Chase has expired.  A court may dismiss a case without prejudice if a plaintiff has not complied with
     Rule 4(m) unless the plaintiff shows good cause for its failure to serve a defendant.  *Id*.  If good cause
24   appears, the court must extend the time for service for an appropriate period.  *Id*.  A plaintiff may
     show good cause where he attempted to serve a defendant but has not yet completed it or he was
25   confused about the requirements for service of process.  *See Wei v State of Hawaii*, 763 F.2d 370, 372
     (9th Cir. 1985) (applying the good cause standard); *Mateo v. M/S KISO*, 805 F.Supp. 792, 795 (N.D.
26   Cal. 1992) (overturned on other grounds).

27   The Court finds that dismissal under Rule 4(m) would not be appropriate at this stage.
     Plaintiff's repeated attempts at service constitute good cause to allow additional time for him to serve
28   Chase properly.  However, because the Court dismisses Plaintiff's complaint on other grounds, an
     extension of time to serve his original complaint is not necessary.

1  "[s]omething labeled a complaint but written more as a press release, prolix in

2  evidentiary detail, yet without simplicity, conciseness and clarity as to whom

3  plaintiffs are suing for what wrongs, fails to perform the essential functions of a

4  complaint." *Id*. at 1180.

5  ### *3.  Dismissal Pursuant to Rule 12(b)(6)*

6  The Court also may dismiss on its own motion a complaint pursuant to

7  Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for

8  relief. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial

9  court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may

10  be made without notice where the claimant cannot possibly win relief.").  Even

11  accepting all of the material allegations in Plaintiff's complaint as true and liberally

12  construing those facts in the light most favorable to Plaintiff, as the Court is bound

13  to do, Plaintiff has not stated a plausible claim against Chase. *See Oscar v.*

14  *University Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir.1992).

15  Plaintiff appears to assert both federal and state law claims against Chase.

16  Plaintiff alleges specifically that Chase has violated his civil rights pursuant to 42

17  U.S.C. §§ 1981, 1983, and "possibly" his rights under Title II of the Americans with

18  Disabilities Act, 42 U.S.C. § 12131, *et seq*. ("ADA") and Section 504 of the

19  Rehabilitation Act.[3]  Plaintiff further alleges that Chase is liable for intentional

20  infliction of emotional distress, breach of contract, and fraud.

21  In order to sustain a section 1983 civil rights claim, a plaintiff must show (1)

22  that he suffered a violation of rights protected by the Constitution or created by

23  federal statute, and (2) that the violation was proximately caused by a person acting

24  under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  The civil

25

26  [3] Plaintiff also names an individual defendant, Leslie Sonoco. However, the record shows that
while Plaintiff has attempted to serve Chase with process, he has not made any such attempt on
27  Sonoco, and she has not responded to the Complaint. Regardless, it is clear from review of the
complaint that there are no specific factual allegations directed at Sonoco which support a
28  comprehensible claim for relief. Accordingly, the rationale for dismissal of the complaint applies
equally to Sonoco.

rights statute guarantees the rights of citizens from abuse by persons acting under color of law.  As a corporation, Chase is a non-state actor, and Plaintiff's allegations are insufficient to raise a reasonable inference that Chase acted under color of law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful [.]"  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and quoted sources omitted).

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . ."  42 U.S.C. § 1981(a).  Section 1981 prohibits discrimination on the basis of race, ethnicity, or other protected status by private actors as well as discrimination under color of law.  *See* 42 U.S.C.1981(c); *Saint Francis College v. Al–Khazraji*, 481 U.S. 604, 613 (1987).  Plaintiff notes in his complaint that section 1981 prohibits discrimination on the basis of race, but he fails to allege that Chase has discriminated against *him* based on *his* race.  Nor does Plaintiff indicate that Chase has discriminated against him on the basis of his ethnicity or any other protected status.  Accordingly, he fails to state a plausible section 1981 claim.

To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. *See Weinreich v. Los Angeles County Metro. Transp. Auth*., 114 F.3d 976, 978 (9th Cir.1997).  The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government."  *See id.*  Chase does not qualify as a "public entity" within the meaning of the ADA.  *See* 42 U.S.C. §

12131(1)(B).  Thus, Plaintiff cannot state a plausible claim under the ADA against Chase.

To establish a violation of section 504 of the Rehabilitation Act, a plaintiff must show that (1) he is handicapped within the meaning of the Act; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of his handicap; and (4) the program providing the benefit or services receives federal financial assistance. *See Weinreich*, 114 F.3d at 978.  Aside from the general statement that Chase has discriminated against him based on his "disability," Plaintiff fails to allege facts sufficient to state a section 504 claim and the Court need not accept as true the legal conclusion that Chase discriminated against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's complaint includes passing references to and rambling allegations regarding several state law claims.  Although the facts suggest that Plaintiff may be able to state plausible claims for breach of contract, fraud, and intentional infliction of emotional distress, he has not done so in his current pleading.  Plaintiff's allegations regarding Chase's purported breach of contract are so jumbled as to be indecipherable by the Court.  Furthermore, a plaintiff asserting fraud must allege facts supporting the following elements: (1) a misrepresentation, (2) knowledge of falsity (or scienter), (3) intent to defraud, i.e. to induce reliance, (4) justifiable reliance, and (5) resulting damage. *In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008), quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).  And in order to satisfy Federal Rule of Civil Procedure  9(b)'s particularity requirement, a plaintiff must state "the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988).  Plaintiff's allegations do not satisfy these stringent pleading requirements.

To state a claim for intentional infliction of emotional distress, a plaintiff must allege "'1) extreme and outrageous conduct by the defendant with (2) the intention

13cv590

of causing, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991), citing *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982). Plaintiff's sole allegation in support of his emotional distress cause of action is that Chase harassed him and put him in the hospital. Even taking this allegation as true, it is insufficient to state a plausible claim.

In sum, the Court finds *sua sponte* that Plaintiff has failed to state a plausible claim against Chase and shall dismiss Plaintiff's complaint in its entirety on these grounds.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's request for service of the summons and complaint by the United States Marshals Service. The Court *sua sponte* **DISMISSES** Plaintiff's complaint for the reasons set forth above. The Court should grant a plaintiff leave to amend unless the pleading could not possibly be cured by the allegation of other facts. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009). Accordingly, dismissal is **without prejudice** and **with leave to file an amended complaint** that cures the pleading deficiencies noted above. Plaintiff must file his amended complaint no later than **forty five (45)** days from the date this Order is filed. Plaintiff's amended complaint must be complete in itself without reference to his previous pleading. *See* S.D. Cal. CivLR 15.1. Defendants not named and all claims not re-alleged in the amended complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATE: July 16, 2013

HON. MICHAEL M. ANELLO
United States District Judge